

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-1995

# Whalen v Grace

Precedential or Non-Precedential:

Docket 94-5503

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Whalen v Grace" (1995). *1995 Decisions.* Paper 148.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/148

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

No. 94-5503


WALTER R. WHALEN; IRENE W. RELEFORD; RONALD D. GLASGOW;
ALEXANDER G. DEPALMA; BEVELY M. HOPKINS; DONNA R. BAUGH;
JANET K. TURRELL; MARY A. PANARELLO; ROBERT K. WILLIAMSON

V.

W.R. GRACE & CO.; BAKER & TAYLOR, INC.; BAKER & TAYLOR
BOOKS CO.; THE CARLYLE GROUP; RAYMOND BARRATT;
JOHN DOE, 1-25, fictitious names; ROE & DOE, 1-25,
fictitious names; ABC CORP., 1-25, fictitious corporations

W. R. GRACE & CO. - CONN.; BAKER & TAYLOR BOOKS;
BAKER & TAYLOR, INC.; and RAYMOND BARRATT,
                                        Appellants


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 93-00640)


Argued March 2, 1995

Before:  GREENBERG, NYGAARD and McKEE, <u>Circuit Judges</u>

(Opinion Filed June 2, 1995)

EDWARD P. LYNCH, ESQUIRE
THERESA A. KELLY, ESQUIRE
Pitney, Hardin, Kipp & Szuch
P.O. Box 1945
Morristown, NJ 07962-1945
Attorney for Appellants

NEIL REISEMAN, ESQUIRE
GREGORY A. DEVERO, ESQUIRE
Reiseman & Sharp
Four Campus Drive
Parsippany, NJ 07054-0431
Attorney for Appellees

NYGAARD, Circuit Judge

This appeal arises from the district court's decision to allow five age discrimination plaintiffs who had filed timely charges with the Equal Employment Opportunity Commission to amend their complaint to add four new plaintiffs who had not. Because our case law requires that, outside the context of a representative or class action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., an individual plaintiff must file a timely administrative charge, we will reverse and remand.

I.

The original plaintiffs[1], appellees herein, are all over age forty and former employees of Baker & Taylor Books. Each held a different position and worked at one of three different company locations before being terminated from employment during 1991. Each filed a timely charge of discrimination with the EEOC, alleging that his or her layoff was a result of a company-wide policy to rid itself of older workers. On February 16, 1993, they filed this lawsuit in the United States District Court for the District of New Jersey, alleging violation of the ADEA and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-12, et seq. However, they did not file a class action, as permitted by ADEA § 7(b), 29 U.S.C. § 626(b).

---

[1]. Walter R. Whalen, Irene W. Releford, Ronald D. Glasgow, Alexander G. De Palma, and Bevely M. Hopkins.

Generally, under the ADEA, "[n]o civil action may be commenced by an individual...until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." ADEA § 7(d), 29 U.S.C. § 626(d). It is undisputed that the five original plaintiffs complied with this filing requirement. However, on October 28, 1993, they moved under Fed. R. Civ. P. 15 to amend their complaint and add four new plaintiffs, Donna R. Baugh, Janet K. Turrell, Mary A. Panarello and Robert K. Williamson. These prospective plaintiffs are also over age 40 and former employees of Baker & Taylor who were terminated in 1991[2]. They were employed in various positions and at various locations, and also claim they were victims of a company-wide push to eliminate older employees. The controversy before us arises because none of these prospective plaintiffs filed timely EEOC charges.

Section 7(b) of the ADEA incorporates the enforcement "powers, remedies and procedures" of § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which provides, in relevant part, that "[a]n action...may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[3] We have held previously that this provision allows

_____

[2]. The exception is new plaintiff Baugh, who was terminated in 1992.

[3]. Unlike a class action under Fed. R. Civ. P. 23, under §16(b), no person can become a party plaintiff and no person will be bound by or may benefit from a judgment unless he or she has

aggrieved individuals who failed to file the required § 7(d) EEOC charge to join a class action brought by a plaintiff who had filed an EEOC charge alleging class-wide discrimination. <u>Lusardi v. Lechner</u>, 855 F.2d 1062, 1077 (3d Cir. 1988); <u>accord</u> <u>Lockhart v. Westinghouse Credit Corp.</u>, 879 F.2d 43, 52 (3d Cir. 1989). The appellees argue that this rule, known as the "single filing rule," should be applied to ADEA non-class actions, allowing the prospective plaintiffs to "piggyback" onto the timely administrative charges filed by the appellees.

The Magistrate Judge denied the appellees' motion to amend their complaint, holding that the single filing rule has not been applied in this Circuit in ADEA cases that are not class action suits; accordingly, the Magistrate Judge held that our decisions in <u>Lusardi</u> and <u>Lockhart</u> require a plaintiff in a non-class action suit, pursuant to ADEA §7(d), to have filed a charge with the EEOC.

The district court reversed, following the analysis in <u>Tolliver v. Xerox Corp.</u>, 918 F.2d 1052 (2d Cir. 1990), <u>cert. denied</u>, 499 U.S. 983, 111 S. Ct. 1641 (1991), which held that the single filing rule applies to ADEA class and non-class actions alike. <u>See also</u> <u>Howlett v. Holiday Inns, Inc.</u>, 49 F.3d 189 (6th Cir. 1995) (following <u>Tolliver</u>). The district court granted the appellants' motion to certify the order granting leave to amend

(..continued)
affirmatively "opted into" the class by filing a written consent with the court. <u>Nowicki v. USX Corp.</u>, 672 F. Supp. 854, 855-56 (W.D. Pa. 1987) (citing <u>La Chappelle v. Owens-Illinois, Inc.</u>, 513 F.2d 286, 288 (5th Cir. 1975)).

the complaint under 28 U.S.C. § 1292(b) as involving a controlling question of law, on which there is substantial ground for difference of opinion, and from which an immediate appeal may materially advance the ultimate termination of the litigation. In turn, we granted the appellants' petition for immediate appeal.

## II.

Because the narrow issue raised on this appeal involves interpretation and application of legal principles, i.e., whether the single filing rule is applicable to non-class action ADEA lawsuits, our review is plenary. Epstein Family Partnership v. Kmart Corp., 13 F.3d 762, 765-66 (3d Cir. 1994).

In Lusardi, we held that an individual EEOC filing is not a prerequisite to opting into a § 16(b) action where the representative plaintiff has filed a timely charge with the EEOC that gives the employer notice that class-wide discrimination is alleged. 855 F.2d at 1078. "So long as class issues are alleged, a timely charge may serve as the basis for a class action." Id. (emphasis added). However, we clearly distinguished class actions from other situations where a plaintiff seeks to "piggyback" onto a timely charge: "To view opt-in suits under §16(b) as either permissive joinders or efforts to intervene would necessarily require that the plaintiff individually fulfill all of the prerequisites to suit." Id.

Similarly, in Lockhart, we recognized that ADEA §7(d) requires a complainant to file a timely charge of discrimination with the EEOC and the appropriate state agency. 879 F.2d at 52.

Ordinarily, a complainant who fails to file a timely charge is barred from seeking relief.  Id. (citations omitted).  However, we noted our decision in Lusardi as holding "that plaintiffs who had not filed charges with the EEOC could opt into an ADEA class action suit only if the original complainant's EEOC charge gave the employer notice of class-based age discrimination."  Id. at 52-53 (emphasis added).

Once again, we made clear that our holding was limited to the context of §16(b) class actions.  We held that the district court erred by allowing two new plaintiffs, who had not filed EEOC charges, to join the suit of the original plaintiff because his EEOC charge did not give adequate notice of class-based discrimination.  Id. at 53.  Significantly, however, we also said that the district court erred in holding

that the joinder of Bradley and Wilson was sanctioned by the permissive joinder rule of Fed. R. Civ. P. 20(a).  In Lusardi, we recognized that opt-in class action suits had been analogized to permissive joinder and intervention, but rejected such comparisons .... Moreover, we note that Bradley and Wilson could not have been joined pursuant to Fed. R. Civ. P. 20(a), in any event, since neither one had fulfilled the administrative requirement of filing his own timely charge with the EEOC.

Id. n. 11.

Here, the appellees have not brought a § 16(b) class action, nor obviously, could the four prospective plaintiffs have filed written consents "opting into" such an action.  The appellees instead sought to amend their complaint pursuant to Rule 15(a) to add four new party plaintiffs who had failed to

pursue administrative remedies.  Allowing the amendment for this purpose would create the same result as permissive joinder or intervention -- application of the single filing rule outside the context of a §16(b) class action -- which we rejected in Lusardi and Lockhart.

Appellees argue that the following passage in Lusardi supports their argument that the single filing rule applies to non-class actions:

> Although the EEOC charge does not use the words "similarly situated" or allege specifically that a class action is going to be brought, we fail to see how [the defendant] can claim prejudice by the bringing of a class action.  The charge clearly notifies [the defendant] that it allegedly discriminates against persons over forty years old as a class.  Accordingly, the charge provides sufficient notice to the parties to encourage meaningful conciliation, the purpose of requiring it....So long as class issues are alleged, a timely charge may serve as the basis for a class action.

Lusardi, 855 F.2d at 1078 (citation omitted) (emphasis added). Appellees' reliance on this passage is misplaced, because it states merely that a plaintiff is not required to file a "class charge," only allege class issues that may subsequently form the basis for a "class action."  There is no suggestion that filing a charge with allegations broad enough to support a subsequent class action lawsuit alleviates the burden of filing the class action itself, with the attendant requirement of class certification.

The district court acknowledged that <u>Lusardi</u> and <u>Lockhart</u> indicate that the single filing rule does not apply to non-class actions; however, it was persuaded by the analysis in <u>Tolliver</u>, <u>supra</u>, which held that the single filing rule applies equally to ADEA individual and class actions.  We conclude, however, that our analysis in <u>Lusardi</u> and <u>Lockhart</u> controls our decision here, and provides plaintiffs the option of seeking class certification and prospective plaintiffs who failed to seek a timely administrative remedy for their alleged injury the opportunity to opt into the class.  When, however, plaintiffs choose to bring suit individually, they must first satisfy the prerequisite of filing a timely EEOC charge.

Accordingly, we will reverse and remand the cause to the district court with instructions that it deny appellees' motion to amend their complaint.