William E. BRYSON, et al., Plaintiffs,

v.

FLUOR CORP. and Fluor Daniel,
Inc., Defendants.

Earl K. BODMAN, et al., Plaintiffs,

v.

FLUOR CORP. and Fluor Daniel,
Inc., Defendants.

Richard D. BERKLAND, et al., Plaintiffs,

v.

FLUOR CORP. and Fluor Daniel,
Inc., Defendants.

Jerry W. ANDREWS, et al., Plaintiffs,

v.

FLUOR CORP. and Fluor Daniel,
Inc., Defendants.

Albert E. BATER, et al., Plaintiffs,

v.

FLUOR CORP. and Fluor Daniel,
Inc., Defendants.

A. Virginia AVERY, et al., Plaintiffs,

v.

FLUOR CORP. and Fluor Daniel,
Inc., Defendants.

Willard V. AMMONS, et al., Plaintiffs,

v.

FLUOR CORP. and Fluor Daniel,
Inc., Defendants.

William J. ERKES, III, et al., Plaintiffs,

v.

FLUOR CORP. and Fluor Daniel,
Inc., Defendants.

C.A. Nos. 6:93–3335–20, 6:95–0386–20 to
6:95–0389–20, 6:95–0391–20, 6:95–
0392–20 and 6:95–2345–20.

United States District Court,
District of South Carolina,
Greenville Division.

Oct. 23, 1995.

As Corrected Oct. 27, 1995.

·J. Richard Kelly, and Nancy H. Robinson, Kurt Tavernier, Andrew P. Leventis, Jr., Greenville, SC, for plaintiffs.

Kristofer Karl Strasser, and Ingrid J. Blackwelder, Greenville, SC, for defendants.

## ORDER

HERLONG, District Judge.

This matter is before the court on the motion of the defendants, Fluor Corp. and Fluor Daniel (collectively "Fluor Daniel"), for summary judgment on the ground that forty-four of the plaintiffs failed to file timely charges with the Equal Employment Opportunity Commission ("EEOC") as required by 29 U.S.C. § 626(d) of the Age Discrimination in Employment Act ("ADEA").

The plaintiffs in these actions allege that Fluor Daniel discriminated against them because of their age through a policy called "Fix the Mix." They allege that the plan was designed to eliminate older, higher salaried employees and replace them with younger workers. These actions were originally filed as one proposed class action by Phillip Burnett and eight other named plaintiffs pursuant to § 16(b) of the Fair Labor Standards Act, which is incorporated into the ADEA.

*See* 29 U.S.C. §§ 216(b), 626(b). With the recommendation of a United States Magistrate Judge, the court denied the plaintiffs' motion for class certification. The plaintiffs then moved for reconsideration of that order. The court denied the motion for reconsideration but granted the plaintiffs' request for a stay of that order until February 13, 1995. The plaintiffs then reorganized themselves by departments within the Greenville Region of Fluor Daniel and filed eight separate proposed class actions. The court also denied the motions for certification of those eight classes, but allowed the plaintiffs to join the eight lawsuits by applicable department.

The ADEA requires an individual to file a charge of unlawful discrimination with the EEOC before filing a civil action. 29 U.S.C. § 626(d). Under § 626(d)(2), which applies to these cases, the individual must file the charge with the EEOC within 300 days after the alleged unlawful practice occurs. The individual must wait sixty days after filing the charge to file a civil action. Any civil action must be filed within ninety days of receiving a "right to sue" letter from the EEOC. *See* 29 U.S.C. § 626(d)–(e). Thus, the limitations period for filing an administrative charge is 300 days, and the statute of limitations for a civil action is ninety days from the receipt of a right to sue letter.

■ Fluor Daniel contends that forty-four of the plaintiffs in these actions did not file the required administrative charges with the EEOC within 300 days of the alleged discriminatory act.[1] Those forty-four plaintiffs ("the plaintiffs at issue") contend that they are excused from filing administrative charges by virtue of the single filing rule.

The single filing rule allows a plaintiff who has not filed a timely EEOC charge to rely on another individual's charge if that charge alleges class-wide discrimination. When one plaintiff files a timely charge of discrimination with the EEOC that indicates a class claim, other plaintiffs covered by that charge who could have filed their own timely charge on that date may rely on the EEOC charge of the single-filing plaintiff. This concept is also known as "piggybacking." The single filing rule originally evolved in the context of Title VII litigation and has been extended to ADEA class cases. *See, e.g., Lilly v. Harris–Teeter Supermarket,* 720 F.2d 326, 334–35 (4th Cir.1983) (Title VII), *cert. denied,* 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 539 (1984); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 758 n. 6, 99 S.Ct. 2066, 2073 n. 6, 60 L.Ed.2d 609 (1979) (ADEA). There is a split among the circuits, however, as to whether the single filing rule should apply outside the class action setting in ADEA cases.[2]

Several courts have found that ADEA plaintiffs may piggyback on other individuals' charges even when there is no class action. *See, e.g., Tolliver v. Xerox Corp.,* 918 F.2d 1052 (2d Cir.1990) (allowing plaintiffs who had opted into a class action to piggyback on the class representative's EEOC charge when the class was later decertified), *cert. denied,* 499 U.S. 983, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991); *Howlett v. Holiday Inns, Inc.,* 49 F.3d 189 (6th Cir.1995) (allowing a plaintiff who had filed an untimely EEOC charge to piggyback on timely charges of other plaintiffs and join in a multiple plaintiff action); *Anderson v. Montgomery Ward & Co.,* 852 F.2d 1008 (7th Cir.1988) (allowing plaintiffs who had filed untimely EEOC charges to piggyback on timely charges of other plaintiffs in a multiple plaintiff joint action). These courts noted the similarity between the ADEA and Title VII, under which piggybacking outside the class action setting is allowed. *See Tolliver,* 918 F.2d at 1057; *Anderson,* 852 F.2d at 1016.[3] They also recognized that the purpose of the

---

1. For purposes of this motion only, the parties have agreed on the dates of the alleged discriminatory acts for each plaintiff at issue. (*See* Defs.' Mem.Supp.Mot.Summ.J. Ex. 1.)

2. The Fourth Circuit has not addressed this issue.

3. The Fourth Circuit has also recognized the similarities between Title VII and the ADEA in the context of the administrative charge filing requirement. *See Vance v. Whirlpool Corp.,* 716 F.2d 1010, 1011–12 (4th Cir.1983) (holding that the Supreme Court's interpretation of Title VII's 180–day administrative filing period provided "significant interpretive authority" for a similar provision under the ADEA), *cert. denied,* 465 U.S. 1102, 104 S.Ct. 1600, 80 L.Ed.2d 130 (1984).

administrative charge filing requirement is to put the EEOC and the defendant on notice of the claim. *See Tolliver*, 918 F.2d at 1057. Another factor taken into consideration was the similarity between ADEA class actions and ADEA multiple plaintiff actions. *See Anderson*, 852 F.2d at 1018. The plaintiffs argue that these cases provide authority for allowing piggybacking outside a class action setting in ADEA cases.

The Third Circuit, however, has ruled to the contrary. *See Whalen v. W.R. Grace & Co.*, 56 F.3d 504 (3d Cir.1995). In *Whalen,* the Third Circuit declined to follow *Tolliver* because it felt that previous Third Circuit opinions required a contrary ruling. *See Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988); *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43 (3d Cir.1989). In those cases, the Third Circuit had made a distinction between class actions under the ADEA on the one hand and permissive joinder or intervention on the other. The *Whalen* court found that this distinction required plaintiffs proceeding outside the class action setting to individually satisfy the administrative charge filing requirement. *See Whalen*, 56 F.3d at 507.

The *Whalen* court did not articulate any flaw in the reasoning of *Tolliver*. Fluor Daniel argues, however, that 1991 amendments to the ADEA render the reasoning of *Tolliver* unsound. In 1991, Congress amended the ADEA statute of limitations for filing civil actions. Formerly, the statute of limitations had been two years for nonwillful violations and three years for willful violations. As noted above, however, the statute now provides that a civil action must be brought within ninety days from the time the plaintiff receives a right to sue letter from the EEOC. 29 U.S.C. § 626(e). Thus, the amendment links the limitations period for civil actions to the administrative charge.

Fluor Daniel argues as a matter of policy that if courts apply the *Tolliver* rule under the current § 626(e), a plaintiff who piggybacks on another's charge, and consequently is excused from filing a charge at all, could conceivably bring a civil action at any later time, forcing employers to defend against stale claims. The ninety-day limitations peri-od for filing a civil action would never commence to run against a piggybacking plaintiff, because that plaintiff would never have filed an EEOC charge, and thus would never receive a right to sue letter.

■ In the cases under consideration, however, that possibility cannot arise. All possible plaintiffs have been identified and are currently before the court in one of these eight actions. They have represented to the court that they wish to rely on the administrative charges filed by others who are also plaintiffs in these lawsuits in order to proceed with their claims, and they will be bound by the charges upon which they rely for all purposes in this litigation. Furthermore, Fluor Daniel has not demonstrated that it will suffer any undue prejudice if the plaintiffs at issue are allowed to proceed in these actions. The purpose of the administrative charge filing requirement is to allow the EEOC to conciliate claims of age discrimination, *see* 29 U.S.C. § 626(d), and to put the defendant on notice of the allegations. *Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1016 (7th Cir.1988). As discussed below, the wording of the original administrative charges was sufficient to put Fluor Daniel on notice of allegations of widespread discrimination.

Therefore, under the unique circumstances of these cases, the court will allow the plaintiffs in these actions who have not filed timely EEOC charges to utilize the charges of other timely plaintiffs for purposes of joining this litigation only. Thus, without deciding as a matter of law whether piggybacking is always allowed in ADEA cases outside the class action setting, the court finds that under the particular facts of these cases, plaintiffs who have not filed timely EEOC charges are free to be a part of this litigation by virtue of other plaintiffs' administrative charges.

■ Having decided, under the circumstances of these cases, to allow the plaintiffs at issue as a group to rely on other plaintiffs' administrative charges, the court must now determine whether each of the plaintiffs at issue meets the traditional requirements of the single filing rule. There are two require-

ments for piggybacking. First, there must be an EEOC charge that provides notice of the class nature of the claim. *See Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1058 (2d Cir. 1990), *cert. denied*, 499 U.S. 983, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991). Second, the plaintiffs relying on the single filing rule must have been able to file a timely charge on the date that the original individual did so. *See id.* at 1056; *Pandis v. Sikorsky Aircraft Div.*, 431 F.Supp. 793, 798 (D.Conn.1977). Thus, a plaintiff cannot piggyback unless the alleged discriminatory act against him occurred within 300 days prior to the first class charge.

■ As a threshold matter, the court must determine whether the language of the charges on which the plaintiffs seek to rely gave sufficient notice of class-wide allegations to allow piggybacking. The Sixth Circuit addressed this issue in *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189 (6th Cir.1995). The *Howlett* court noted that courts have used various tests for determining the sufficiency of an EEOC charge for piggybacking. The most liberal test requires only that the claims of the timely claimant and the piggybacking claimant arise out of the same circumstances and occur within the same general time frame. *Howlett*, 49 F.3d at 195 (quoting *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1057–58 (2d Cir.1990), *cert. denied*, 499 U.S. 983, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991)). A more moderate test requires that the EEOC charge give notice that the discrimination is "class-wide." This requires allegations of discrimination against a class of which the piggybacking plaintiff is a member. *Id.* Finally, the strictest test requires the EEOC charge to allege both discrimination against a class and that the claimant purports to represent the class or others similarly situated. *Id.*

All of the EEOC charges filed in these actions contained the following language:

I believe that I have been discriminated against in violation of the Age Discrimina-

tion in Employment Act of 1967, as amended, because of my age ... and because of the Respondent's pattern and practice of age discrimination against me and other similarly situated employees. The Respondent is involved in an ongoing pattern and practice of age discrimination affecting employee[s] of the Greenville Region in Greenville, SC, which pattern began in or about 1991. This charge is filed on behalf of me and other similarly situated employees who form a class of discriminated against employees.

(Pls.' Mem.Opp'n Defs.' Mot.Summ.J. at 20.) The court finds that this language meets even the strictest test that courts have used. Accordingly, the court finds that, whichever test is used, the EEOC charges filed by the plaintiffs in these actions are sufficient to allow other plaintiffs to rely on the charge.[4]

■ Fluor Daniel contends that even if the court allows the plaintiffs at issue to rely on the timely charges of other plaintiffs, eleven of the forty-four are still untimely. It asserts that the first charge alleging class discrimination was filed on October 12, 1993, by Phillip Burnett. Thus, it argues, any plaintiffs whose alleged discriminatory acts occurred before December 16, 1992, could not have filed timely charges on the date of the first class charge, and thus do not qualify for piggybacking. Fluor Daniel contends that this bars the claims of Thomas DesRocher, Francis Price, John Taylor, and Jerry Whittaker.

Fluor Daniel, however, has failed to take into account earlier charges alleging class discrimination. The plaintiffs point out that John Harvell filed an EEOC charge on July 9, 1993, which was later amended to contain the language asserting class-wide allegations. That amendment relates back to the original filing date of the charge. 29 C.F.R. § 1626.8(c). As the plaintiffs point out, DesRocher, Price, Taylor, and Whittaker may all rely on Harvell's charge, as their alleged discriminatory acts occurred within 300 days

---

4. The court notes that this inquiry is different from the issue of whether the plaintiffs actually were similarly situated. That issue has been addressed several times on the plaintiffs' motions for class certification, which have been denied.

The issue here, however, is whether the EEOC charges *allege* that there is a class that is similarly situated, thus putting the EEOC and the defendants on notice of allegations of class-wide discrimination.

prior to July 9, 1993. (*See* Defs.' Mem.Supp. Mot.Summ.J. Ex. 1.)

■ Next, Fluor Daniel argues that seven plaintiffs cannot piggyback because their alleged discriminatory acts occurred too late. This group includes Dewey Barwick, Marvin Connor, Ed Hoosh, David Medonis, Conrad Monaghan, Rajnikant Shah, and Jerry Williams. Fluor Daniel contends that the latest charge containing ·class-wide allegations of discrimination was filed on October 20, 1993. It argues that because the alleged discriminatory acts against these seven plaintiffs occurred after October 20, 1993, they could not have filed timely EEOC charges on that date.

Again, however, Fluor Daniel has considered only the EEOC charges of the plaintiffs in the original *Burnett* litigation. It has failed to regard the charges of twenty-eight subsequent plaintiffs who also filed EEOC charges containing allegations of class-wide discrimination. Each of these seven plaintiffs' alleged discriminatory acts occurred within 300 days prior to the charge of one of these other twenty-eight plaintiffs. Thus, Barwick, whose applicable date of alleged discrimination is January 27, 1994, may rely on the charge of Earl Bodman, who filed a charge on June 9, 1994, less than 300 days after Barwick's discrimination date. Similarly, Connor, whose discrimination date is September 13, 1993, may rely on the charge of Virginia Avery, filed June 6, 1994. Hoosh, whose discrimination date is March 25, 1994, may rely on the charges of either William Lowry or Anthony Wining, filed August 18, 1994, and August 31, 1994, respectively. Monaghan, whose discrimination date is January 14, 1994, may also rely on the charges of Lowry and Wining. Medonis, whose discrimination date is January 7, 1994, may rely on the charges of John Harmon and Virginia Avery, filed April 8, 1994, and June 6, 1994, respectively. Shah, whose discrimination date is December 17, 1993, may rely on John Harmon's charge, filed April 8, 1994. Finally, Williams, whose discrimination date is May 20, 1994, may rely on the charges of either Earl Bodman or Paul Wisniewski, filed June 9, 1994, and December 16, 1994, respectively.

Therefore, the court finds that all of the forty-four plaintiffs at issue may rely on the timely EEOC charge of some other plaintiff.

■ Finally, Fluor Daniel contends that forty-three of the forty-four plaintiffs at issue are barred from relying on other plaintiffs' charges because they filed their own individual charges, albeit untimely ones. The court declines to punish those plaintiffs for their caution. Moreover, the Sixth Circuit recently addressed this issue in *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 196–97 (6th Cir.1995), and declined to deny the benefit of the single filing rule to plaintiffs who had filed their own untimely charges. *But see Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1223–24 (5th Cir.1995).

In opposition to Fluor Daniel's motion for summary judgment, the plaintiffs have presented alternative arguments that the administrative charge filing requirement was tolled for various reasons, thus protecting the plaintiffs at issue. In light of the court's ruling allowing the plaintiffs at issue to rely on other plaintiffs' EEOC charges, the court need not address the tolling issues.

For the foregoing reasons, it is

**ORDERED** that the defendants' motion for summary judgment is denied.

**IT IS SO ORDERED.**