Jessica HOFFMAN, Plaintiff,

v.

R.I. ENTERPRISES, INC. d/b/a Ramada Inn d/b/a Cristallo Steak House, Defendant.

No. 3:CV–96–1956.

United States District Court, M.D. Pennsylvania.

June 9, 1999.

Joseph T. Wright, Jr., Scranton, PA, Lawrence Schaefer, Jane Lang, Minneapolis, MN, Paul Sprenger, Washington, DC, for plaintiff.

Richard Bishop, Wilkes—Barre, PA, Alexia Kita Blake, Scranton, PA, for defendant.

## MEMORANDUM

VANASKIE, District Judge.

### I. BACKGROUND

On November 1, 1996, plaintiff Jessica Hoffman (Hoffman) filed this Title VII action against defendant R.I. Enterprises, Inc. d/b/a Ramada Inn d/b/a Cristallo Steak House (Ramada), contending, *inter alia,* that she had been subject to a sexually hostile work environment during her employment as a waitress for Ramada. (Dkt. Entry 1.) Hoffman's complaint sought class certification to allow her to proceed as a class representative on behalf of other women employed by Ramada who had allegedly been subject to the same hostile environment. On several occasions, Hoffman has also filed motions to amend her complaint, seeking, *inter alia,* to join Connie Bailey as a plaintiff in this action. (Dkt. Entries 11, 37, 60.)[1] After conducting discovery on the class certification question, an oral argument was conducted on February 1, 1999. After considering the evidence presented by Hoffman as well as the legal arguments of the parties, I denied Hoffman's request for class certification, finding that Hoffman's EEOC charge had failed to provide adequate notice to Ramada of potential class claims. (Oral Arg. Tr. (Dkt. Entry 107) at 49–55.)[2] Hoffman moved for reconsideration of this determination. (Dkt. Entry 88.)[3] Hoffman also filed a notice of appeal to the Third Circuit, and the Third Circuit stayed that appeal pending resolution of her motion for reconsideration. (Dkt. Entries 90 & 96.)

### II. DISCUSSION

 The standard for determining whether to grant a motion for reconsidera-

---

1. Because the statute of limitations had been running on Connie Bailey's claims, Connie Bailey filed a separate complaint. Hoffman then moved to amend her complaint to include Bailey and to name as defendants the same entities and individuals named in Bailey's complaint. As noted by Hoffman:

> After Connie Bailey obtained her right-to-sue letter from the Equal Employment Opportunity Commission, she sought to be added as a plaintiff in *Hoffman.* If leave had been granted, all of Hoffman's and Bailey's claims would have been stated jointly. Bailey reluctantly filed a separate action only because her 90–day deadline for filing an action after receipt of a right to sue letter was about to expire. However, from the time of the initial complaints in *Bailey* until the present, plaintiffs have intended the complaints in the two actions to be similar or identical, except in describing the experiences of each woman.

(Pl's Supp. Br. for 3d Motion to Amend (Dkt. Entry 61) at 3–4.) Hoffman withdrew her motion to file a third amended complaint. (Dkt. Entry 87.) Bailey, however, has moved to consolidate her action with the *Hoffman* case. That motion is still pending.

2. As to Bailey's request for class certification, I made two determinations. First, I found that Bailey's motion for class certification was untimely. (Oral Arg. Tr. (Dkt. Entry 107) at 57–59.) Second, after considering the class certification factors under Federal Rule of Civil Procedure 23, I concluded that class certification was not appropriate. (*Id.* at 59–62.) Bailey has not sought reconsideration of these findings.

3. In her supporting brief, Hoffman states:
> Plaintiff is not in this motion seeking reconsideration of the Court's decision to deny class certification. Rather, plaintiff seeks reconsideration of the ruling concerning the scope of her administrative charges. This ruling may affect the tolling of the statute of limitations for numerous potential victims of the hostile work environment in this case, including many women who have filed and executed declarations in support of Ms. Hoffman's and the class claims.

(Pl's Supp. Br. (Dkt. Entry 89) at 1.) Therefore, Hoffman's motion for reconsideration will be construed as focusing solely upon my determination that Hoffman's EEOC charge failed to provide sufficient notice to Ramada that Hoffman was asserting a class claim.

tion is a stringent one. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); *see also Dodge v. Susquehanna Univ.,* 796 F.Supp. 829, 830 (M.D.Pa.1992) (noting three possible grounds upon which a motion for reconsideration might be granted: "(1) intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice"). Further, this Court has cautioned litigants that a mere disagreement with the court does not translate into a clear error of law. *Dodge,* 796 F.Supp. at 830. A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court. *Id.* Instead, a motion for reconsideration is appropriate where the court has patently misunderstood a party or where there has been a significant change in the law or facts since the court originally ruled on the issue. *Above the Belt. Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983).

In my oral ruling on February 1, 1999, I relied upon Third Circuit cases which have held that a plaintiff may not assert class claims of discrimination unless the plaintiff has placed the defendant on notice of class-based discrimination in his or her EEOC charge. *See Lusardi v. Lechner,* 855 F.2d 1062, 1077 (3d Cir.1988); *Whalen v. W.R. Grace & Co.,* 56 F.3d 504, 506 (3d Cir.1995); *Lockhart v. Westinghouse Credit Corp.,* 879 F.2d 43, 52 (3d Cir.1989). In particular, I considered Hoffman's EEOC charge in relation to the facts presented in *Lusardi, Lockhart* and *Kresefky v. Panasonic Communications & Sys. Co.,* 169 F.R.D. 54, 59 (D.N.J.1996). After this review, I determined that Hoffman's EEOC charge provided Ramada with notice of Hoffman's individual claims of discriminatory treatment, not that she intended to file a class claim for such discriminatory treatment.

In *Lusardi,* the plaintiffs, four former Xerox employees, filed a claim for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* In particular, one of the plaintiff's EEOC charges provided:

> Xerox has engaged and is continuing to engage in employment practices related to hiring, training, promotion, and termination *of past, present and future employees* which discriminates against persons such as myself over forty *as a class* particularly with respect to the implementation of a reduction in salaried work force.

*Lusardi,* 855 F.2d at 1078 (emphasis added). Based upon this EEOC charge, the plaintiffs sought to maintain a class action. *Id.* The Third Circuit held that class members who have not exhausted administrative remedies may rely upon a representative's timely charge if that charge provided notice of class discrimination. *Id.* at 1077. The court noted that none of the four EEOC charges were expressly filed "on behalf of those similarly situated." *Id.* at 1078.[4] The precise issue addressed by the

---

4. Section 626(b) of the ADEA provides that "[b]efore instituting any action under this section, the [EEOC] shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion." Moreover, § 626(b) specifically incorporates § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which, in pertinent part, provides:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

court was whether a class action could be brought where the EEOC charge failed to assert explicitly a class claim. The court recognized that this question was "important not only to the administration of the ADEA, but also to Title VII." *Id.* After reviewing the EEOC charge, with its specific allegation of class discrimination, the court determined that the plaintiffs could maintain a class action.

In *Lockhart*, the court reaffirmed its holding in *Lusardi* that "plaintiffs who had not filed charges with the EEOC could opt into an ADEA class action suit *only if* the original complainant's charge gave the employer notice of class-based discrimination." *Lockhart*, 879 F.2d at 52–53 (emphasis added); *see also Whalen*, 56 F.3d at 506 ("In *Lusardi*, we held that an individual EEOC filing is not a prerequisite to opting into a § 16(b) action where the representative plaintiff has filed a timely charge with the EEOC that gives the employer notice that class-wide discrimination is alleged."). Because the proposed class representative's EEOC charge had contained only references to individual acts of age discrimination, without any reference to class-based age discrimination, the court found that the defendant had not been provided with notice of the alleged class-based discrimination before the EEOC. *Id.* at 53. Therefore, the class claim was not allowed.

In my February 1, 1999 oral ruling, I considered both *Lusardi* and *Lockhart*:

The Court of Appeals [in *Lusardi*], with sound reason, found that that charge clearly notified Xerox that it allegedly discriminated against persons over 40–years–old, as a class, and accordingly found that the charge provided sufficient notice to the parties to encourage meaningful conciliation, the purpose of requiring it.

And that, to me, is the touchstone of all of these cases that talk about whether the allegation of the administrative complaint is sufficient to allow a Class Action to be based upon that administrative complaint [—][t]hat the allegation would be such as to provide meaningful notice that there would be conciliation on a class basis, as opposed to conciliation on an individual Plaintiff by Plaintiff basis.

I think my reading of that is confirmed by the Third Circuit's decision in the *Lockhart* case. In the *Lockhart* case, the EEOC charge stated that Westinghouse had terminated the Plaintiff from employment, on the basis of his age, and the Court said that's not enough to provide the requisite notice to the Defendant of a class-based claim so that individual Plaintiffs could later piggyback onto the timely-filed complaint.

(Tr. Oral Arg. (Dkt. Entry 107) at 50–51.)

Moreover, I also relied upon *Kresefky v. Panasonic Communications & Systems, Co.*, 169 F.R.D. 54 (D.N.J.1996). In that case, several plaintiffs attempted to assert an age discrimination class action against the defendant in relation to the defendant's reduction of its workforce. The court followed the rule set forth in *Lusardi*. *Id.* at 59 ("If none of the named plaintiffs have filed an EEOC charge which alleged, or at least put defendants on notice of, class-wide discrimination charges, they may not proceed with their class claims before this Court."). The court noted that the EEOC charge need not specifically allege a class claim, but must allege "class issues" that could subsequently form the basis of a class action. *Id.* at 59. The court then considered four EEOC charges filed by the potential class representatives. Most of the allegations centered around individual claims of age discrimination. One of the plaintiff alleged that ten other employees within the protected class were terminated. *Id.* at 60. The court concluded that this allegation, even when coupled with the other individual claims, was insufficient to place the defendant on notice of a potential class-based discrimination claim. *Id.* at 60.

In considering *Kresefky*, I stated:

[*Kresefky*], again, rose [sic] in an age discrimination context. The Court, in that case, noted that Plaintiffs need not

specifically state that their charge is being brought, on behalf of others similarly situated[;] instead, the charge need only to allege class issues that may subsequently form the basis for a Class Action, citing to the *Whalen* case. The Court also noted that, however, such notice is a prerequisite to a court Class Action.

In the *Kresefky* case, as I said, I think there were four individual complaints filed, and in one of the complaints, the Plaintiff alleged that he was permanently laid off, due to downsizing, that 14 employees were affected in his division, and that 10 were within the protected age group and had been terminated. The Court said that clearly these charges were not sufficient to put Defendants on notice of class claims against them.

The only—Kaplan, the only named Plaintiff, who even referred to other terminated employees, within a protected group, nonetheless, directed his charge solely, toward his own claims. The Court contrasted the *Lusardi* decision, and because Plaintiffs failed to notify Defendants of their potential class claims, in their EEOC charges, the Court would deny their request to proceed as a collective action on their age discrimination claims.

(Tr. Oral Arg. (Dkt. Entry 107) at 51–52.)

After considering the relevant case law, I concluded:

I've looked carefully at the complaint that's been filed, that was filed on behalf of Hoffman. I do think it's significant that *Jenson* was filed pro se, whereas, the complaint in Hoffman was filed by the—on behalf of the Plaintiff, by an attorney.

The complaint, the first document that's regarded as a complaint certainly provides no indication that it is being filed on behalf of persons similarly situated. It alleges that I, Jessica Hoffman, was harassed constantly by the management, white males, when I would not perform sexual duties. I was discharged. She alleged sex [discrimination], in retaliation, as the nature of the claims that were being presented. When asked, Has anyone else been treated the same way as you? It does say, Name, Sarah Keator. It wouldn't preclude her from identifying anyone else, however, and nobody else is identified, in response to that question. In the actual complaint that was filed thereafter, it's clear that the complaint is seeking to obtain redress, on behalf of Ms. Hoffman, individually.

The complaint repeatedly indicates that she was sexually harassed, that she was discharged, after she refused sexual advances that respond[ant] sexually harassed her, in a number of ways. The only allegation that goes beyond her, individually, is the allegation that such harassment was not uncommon at Cristallo, and I was subject to a sexually hostile work environment. I find that's not adequate to provide the requisite notice to the Defendant of class-based issues that would be presented in a Class Action. A sexually hostile work environment is one that can be directed at an individual Plaintiff or more than one, but in this case, there [were] only two people mentioned, Keator and Hoffman, throughout the entire complaint, and I find that the purpose is to provide notice to the Defendant, for purposes of determining the appropriate conciliation that would be engaged in, whether it would be engaged in [on an] individual basis or a class basis.

In this case, the complaint does not come—does not fall within the parameters of those that have been regarded as adequate to provide notice. It certainly is not of the type of claim that was made in the *Lusardi* case, where there was a mention of a class basis for the claim and employment practices, things of that nature. So it is certainly distinguishable from *Lusardi*. While it is a little more than was found in *Lockhart*, I think it is more close to the decision of the District of New Jersey, in the *Kresefky* case

than it is to the decision of Judge Rosenbaum, in the *Jenson* case. And again, as I said, I think the test is, What kind of conciliation would come from the claim being made and the claim being made in that case—in this case, in the Hoffman case, was clearly an individual case.

(Tr. Oral Arg. (Dkt. Entry 107) at 54–55.) [5]

■ Hoffman contends that reliance upon *Lusardi*, *Lockhart* and *Kresefky* was improper as those cases involved attempts to assert a class action under the ADEA, not a Title VII class action. Hoffman contends that an individual allegation of discrimination would not necessarily place an employer on notice of a potential class claim under the ADEA because the ADEA requires an "opt-in mechanism." (Pl's Supp. Br. (Dkt. Entry 89) at 4.) Hoffman contends that this "opt-in mechanism" requires that an employer be notified during the conciliation process of any potential class-based claims. (*Id.*) Thus, Hoffman argues that an EEOC charge asserting claims of individual discrimination under the ADEA "would not necessarily tell the employer who else might be 'similarly situated' or who else could 'opt-in' to the case." (*Id.*) [6] Hoffman asserts that under the case law applicable to Title VII claims, her EEOC charge provided Ramada with adequate notice of her class-based discrimination claim. (*Id.*)

■ Specifically, Hoffman argues that her class-based discrimination claim was within the "scope" of her EEOC charge of a hostile work environment. Regardless of the extent to which the EEOC investigates a claim, the scope of an individual discrimination action is " 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' " *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir. 1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977)); *see also Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir.1996) (finding that a district court has jurisdiction over additional claims if "the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom"); *Ebert v. Office of Information Systems*, No. 97–530, 1998 WL 324923, at *4 (D.Del. June 12, 1998); *Lesko v. Clark Publisher Servs.*, 904 F.Supp. 415, 418 (M.D.Pa.1995) ("Courts have also held that a Title VII plaintiff can raise claims in the district court which are 'like or related to' allegations in the administrative complaint. Some courts have treated this doctrine as essentially coextensive with the scope of the administrative investigation which can reasonably be expected to grow out of the administrative charge of

---

**5.** In support of her motion for class certification, Hoffman relied heavily upon *Jenson v. Eveleth Taconite Co.*, 139 F.R.D. 657 (D.Minn. 1991). In that case, the first EEOC charge was filed by Jensen *pro se* in 1984. Subsequent charges alleging class-based discrimination were filed in 1988. The defendant alleged that the class period should be 300 days prior to the 1988 class-based EEOC charge of discrimination, as opposed to 300 days prior to the 1984 EEOC charge that alleged only individual discrimination. The court refused to limit the class in such a manner. Noting that because the 1984 charge was filed *pro se* it was entitled to be interpreted liberally and that an EEOC charge may be as broad as the EEOC investigation which could reasonably be expected to grow from the charge, the court found that the class period would run from the 1984 charge.

The court failed to provide any detailed analysis of the 1984 charge. Significantly, I found that *Jenson* was distinguishable because Hoffman was represented by counsel when she filed her EEOC charge. Moreover, the court in *Jenson* was not bound by *Lusardi* and its progeny in making its determination.

**6.** In *Lusardi*, the Third Circuit did not distinguish between the "opt-in" mechanism under the ADEA and the rules applicable to Title VII class actions. Indeed, the court stated that the question of whether a charge adequately placed an employer on notice of class-based discrimination was "important not only to the administration of the ADEA, but also Title VII." *Lusardi*, 855 F.2d at 1078. This dicta cuts against Hoffman's claim that the rule set forth in *Lusardi* was not intended to be applied to Title VII cases.

discrimination."). There was no EEOC investigation in this case. Hoffman argues that any investigation of her claims would have invariably uncovered the alleged class-based pervasive hostile work environment.

In this regard, Hoffman relies upon *Hicks* and its progeny which have held that the scope of an EEOC charge includes any claims that would arise from a reasonable investigation of the charges. If Hoffman's argument were accepted, there would be a conflict between *Lusardi* and *Hicks*. Hoffman has failed to recognize the significant difference between an "individual" claim against an employer and a "class" claim against an employer. *Hicks* applies to the former, while *Lusardi* applies to the latter. Significantly, the Third Circuit recognized in *Lusardi* that its holding was important not only to ADEA class actions, but also to Title VII class actions. Moreover, *Lusardi* was decided after *Hicks,* yet the Third Circuit made no reference to *Hicks* in its opinion. ,

Furthermore, the fact that a class member must "opt-into" an age discrimination class action, whereas a Title VII class member would be included automatically in a Rule 23(b)(3) class action and would have to "opt-out," does not afford a sound basis for applying a more stringent administrative charge requirement in the ADEA context. Under both the ADEA and Title VII, the filing of an administrative charge is a prerequisite to bringing an action in federal court. The filing of a charge with an equal employment administrative agency serves two important purposes: "First, it serves to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation ...." *Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 126 (7th Cir.1989). *Lusardi* and *Lockhart* recognize the unfairness of subjecting an employer to a class action which was not to be anticipated from the administrative charge. The notice purpose underlies the filing of both ADEA and Title VII charges. It therefore follows that the same rule should be applied to class actions filed under each statute: the administrative charge must fairly apprise the employer of whether it is facing an individual claim or a class claim.

Hoffman does not cite any case which holds that a different standard should be applied to Title VII actions than to ADEA cases. Moreover, Hoffman incorrectly contends that I relied solely upon ADEA cases in making my determination. I also relied upon *Schnellbaecher, supra.* In that case, two plaintiffs attempted to bring a Title VII class·action. The plaintiffs had filed *pro se* EEOC charges alleging that a less-qualified male had been· hired for a position for which they both had applied. *Id.* at 125. The charges alleged that they were told "that a woman is to make less than a man because a woman does not have to support a family." *Id.* The EEOC sent to the· defendant a questionnaire which sought salary information as well as an explanation for any · discrepancy between the pay of any male and .female salespersons. *Id.* at 126. On the day after this questionnaire was served on the defendant, the EEOC issued a right-to-sue letter. *Id.* The plaintiffs then filed a Title VII class-based discrimination action. The district court dismissed the class-based allegations in their complaint because the EEOC ,charge contained no specific allegations of class-based discrimination. *Id.* at 127. ·

In affirming this determination, the Seventh Circuit stated:

[We have] observed that "allowing a complaint to encompass allegations outside ·the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." In other words, the reason behind the requirement that allegations not contained in an EEOC charge cannot be contained in the complaint is that the defendant must have notice of the

charge, and the EEOC must have the opportunity to investigate and conciliate the charge, in order to attempt to obtain voluntary compliance with Title VII.

*Id.* at 127 (citation omitted). The Seventh Circuit, citing the Third Circuit's decision in *Hicks*, recognized the rule that the scope of an EEOC charge includes those claims which would have arisen from a reasonable EEOC investigation. *Id.* Although the "reasonable investigation" standard assists in defining the scope of the charge, the court emphasized that "it is primarily the charge to which we look in determining whether the scope requirement is satisfied." *Id.* The court determined that neither the EEOC charge nor the EEOC investigation placed the defendant on notice of class-based allegations of discrimination. *Id.* at 127–28.[7]

In this case, I found that Hoffman's EEOC charge encompassed only Hoffman's individual claims. Moreover, Hoffman's charge was not filed *pro se*, but had been filed by an attorney acting on her behalf. Although there were allegations concerning a hostile work environment, Hoffman's counsel conceded during oral argument that a hostile work environment claim is not by definition a class-based allegation. (Tr. Feb. 1, 1999 Oral Arg. (Dkt. Entry 107) at 17.) Furthermore, the mere fact that Hoffman indicated that another employee had been discriminated into class-based discrimination. *Id.* Hoffman's case is more akin to *Schnellbaecher* than *Fellows*. Hoffman was represented by counsel when she filed her initial EEOC charge. Hoffman never gave any indication that she intended to pursue class-based discrimination claims and no EEOC investigation was conducted that would have placed Ramada on notice of such class-based discrimination claims.

In *Paige v. California*, 102 F.3d 1035 (9th Cir.1996), the plaintiff's EEOC charge alleged racial discrimination in a state examination process which determined promotion eligibility. *Id.* at 1042. The court followed *Fellows*, finding that any EEOC investigation would necessarily entail an examination of the state's "promotion practices, interview system, and any pattern of racial discrimination that results from the administration of the agency's procedures." *Id.* Thus, the court concluded that plaintiff's EEOC charge required consideration of potential class-based discrimination in the promotion process. In this case, Hoffman's EEOC charge did not assert that Ramada's practices and procedures resulted in sexual discrimination that would have required investigation into class claims. Therefore, *Paige* is also distinguishable.

In short, after considering the reasoning of *Lusardi*, *Lockhart*, and *Whalen*, I am convinced that the Third Circuit would follow the approach adopted by the Seventh Circuit in *Schnellbaecher*. Moreover, Hoffman has failed to demonstrate that my reliance upon *Schnellbaecher* was a clear error of law. Therefore, Hoffman has failed to demonstrate that reconsideration of the February 1, 1999 decision is warranted.

---

7. Only three circuits have considered whether an EEOC charge that fails to allege a class-based discrimination claim may be used to support a Title VII class action. *See Paige v. California*, 102 F.3d 1035, 1041 (9th Cir. 1996) ("We have never considered, however, whether a charge not explicitly raising class claims could support a class action. Only two circuits have done so and have reached different results."). As noted above, the Seventh Circuit has determined that an EEOC charge that fails to allege class-based discrimination may not form the basis of a Title VII class action. *Schnellbaecher*, 887 F.2d at 127–28.

In *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447 (5th Cir.), *cert. denied*, 464 U.S. 828, 104 S.Ct. 102, 78 L.Ed.2d 106 (1983), the plaintiff filed a *pro se* EEOC charge contending that she was paid less and eventually discharged because she was a woman. *Id.* at 451. The Fifth Circuit stated that "[t]he scope of Ms. Fellows' judicial complaint could include class action allegations, since EEOC investigation of class discrimination against women could reasonably be expected to grow out of her allegations in her initial EEOC complaint." *Id.* In distinguishing *Fellows*, the Seventh Circuit noted that Fellows' attorney wrote a letter to the defendant shortly after the filing of the EEOC charge, which provided that if settlement in the EEOC conciliation process could not be obtained, then a class action lawsuit would be filed. *Schnellbaecher*, 887 F.2d at 128. The Seventh Circuit also distinguished *Fellows* in that after receiving the letter from Fellows' counsel, the defendant refused to provide the EEOC with requested discovery on other employees. *Id.* Thus, the Seventh Circuit determined that the defendant in *Fellows* was aware of the EEOC's intent to conduct an investigation

against is insufficient to place Ramada on notice of class-based discrimination. *See Maclin v. Northern Telecom, Inc.*, No. 95–7485, 1996 WL 495558, at *3 (N.D.Ill. Aug. 28, 1996). Hoffman argues that a reasonable EEOC investigation would have uncovered the class-based discrimination. Unlike the circumstances presented when considering the EEOC charge of an individual employee, *Hicks* is difficult to apply when an individual discrimination claim is to be transmuted into a class action. As stated in *Schnellbaecher*, "it is primarily the charge" that must provide the notice to the employer of the scope of its potential liability, not the results of a hypothetical investigation. Ramada was clearly on notice that Hoffman believed that she had been discriminated against in her employment. Ramada would be provided with the opportunity at conciliation on *Hoffman's* claims disclosed by a reasonable investigation through the EEOC administrative proceedings.

Ramada's notice of Hoffman's individual claims, however, fails to rise to the level of notice of a class-based discrimination claim. Hoffman's EEOC charge, drafted and submitted by counsel, contains no reference to a class-based discrimination claim. To premise notice of a class-based discrimination claim upon the facts that may have been revealed in a hypothetical EEOC investigation takes *Hicks* too far and essentially abrogates *Lusardi, Lockhart* and *Whalen*, all of which emphasized the importance of fairly apprising the employer of the extent of potential liability. As explained in *Kloos v. Carter–Day Co.*, 799 F.2d 397, 400 (8th Cir.1986), "[a]llowing class actions without administrative charges that fairly anticipate class claims would undermine the notice and conciliation purposes of the filing requirement."

The contention that *Lusardi* and its progeny are inapplicable because they involved ADEA claims, as opposed to Title VII claims, is without merit. As noted, *Lusardi* declared that its holding was important to Title VII class actions, as well as ADEA class actions. Moreover, the Seventh Circuit has applied similar reasoning to Title VII class action claims. In short, Hoffman has failed to demonstrate a clear error of law in the February 1, 1999 decision. Therefore, Hoffman's motion for reconsideration will be denied.

### III. CONCLUSION

For the foregoing reasons, Hoffman's motion for reconsideration will be denied.