49 F.3d 189
 67 Fair Empl.Prac.Cas. (BNA) 289,
66 Empl. Prac. Dec. P 43,492
Ronald H. HOWLETT; Graves B. Ivey; Siegfried K. Konetzny;
Jeffrey E. McLaughlin; Homayoon Meshginpoosh; Terry
Phillips; Edward Rinckel; Frederick C. Roozen;
Christopher R. Ryan; Rene H. Schiegg; and Fred Wright, Plaintiffs,
Gordon McNeely, Appellant,
v.
HOLIDAY INNS, INC., Defendant-Appellee.
 No. 93-6100.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 8, 1994.
Decided March 7, 1995.
Rehearing and Suggestion for Rehearing
En Banc Denied May 9, 1995.*
 
 Beth M. Rivers (argued and briefed), Rudy J. Huizenga, Huizenga, Hagan, Hergt & Rivers, Detroit, MI, Donald A. Donati, Donati & Associates, Memphis, TN, for appellant.
 Thomas L. Henderson (argued and briefed), Frederick J. Lewis (briefed), McKnight, Hudson, Lewis & Henderson, Memphis, TN, for defendant-appellee.
 Before: MARTIN and BATCHELDER, Circuit Judges; and COHN, District Judge.**
 COHN, D. J., delivered the opinion of the court, in which MARTIN, J., joined. BATCHELDER, J. (pp. 197-98), delivered a separate dissenting opinion.
 
 
 1
 COHN, District Judge.
 
 I.
 
 2
 This is an age discrimination case under the Age Discrimination in Employment Act (ADEA). 29 U.S.C. Sec. 621, et seq. The complaint was filed by eleven named plaintiffs[1] and alleges that appellee, Holiday Inns, Inc. (Holiday Inns), discriminated against them on the basis of age in its termination of their employment and its failure to rehire them. The named plaintiffs and appellant, Gordon L. McNeely (McNeely), moved to join McNeely as a party plaintiff, but were denied on the ground that the district court did not have jurisdiction over McNeely's claim. McNeely appeals from the denial, arguing that although his charge of age discrimination with the EEOC was untimely, the "single filing rule" should operate to vest jurisdiction over his claim because he is similarly situated to the named plaintiffs who did file timely charges of age discrimination with the EEOC. For the reasons that follow, the district court's decision will be reversed.
 
 II.
 
 3
 Holiday Inns owns, operates, and manages hotels throughout the United States. In the spring of 1991, Holiday Inns moved its Memphis, Tennessee operations to Atlanta, Georgia in the course of reorganizing its corporate structure. Holiday Inns's reorganization involved a reduction in work force.
 
 
 4
 McNeely worked for Holiday Inns in Memphis, Tennessee as an accounting supervisor. He was born on October 25, 1941, and began working for Holiday Inns in 1976. On June 7, 1991, McNeely and the named plaintiffs were told that they were terminated from employment with Holiday Inns. After notifying McNeely of his termination, Holiday Inns requested that he continue working for several months and sign a waiver and release of all rights immediately. He complied with both requests, and worked for Holiday Inns until October, 1991. McNeely trained Linda Butler (Butler), who was twenty-eight years old, in his duties for several weeks before leaving Holiday Inns. Butler had been hired in September, 1991.
 
 
 5
 On April 24, 1992, McNeely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in Memphis. The parties agree that McNeely's charge was not timely.
 
 
 6
 Named plaintiff Graves B. Ivey (Ivey) was also informed on June 7, 1991, that he would be terminated from his employment with Holiday Inns, where he had worked as a District Director in the Franchise Division. Ivey filed a charge of discrimination with the EEOC in Jackson, Mississippi on December 10, 1991, 185 days later. Ivey's charge, after amendment in February, 1992, reads:
 
 
 7
 On June 7, 1991, I learned that I would not be hired in any of the available positions for which I was qualified after my District Director's position was eliminated.
 
 
 8
 I, along with others similarly situated, was told that although my position was being eliminated, I could apply and would be considered for other available positions.
 
 
 9
 I believe that I was discriminated against and denied further employment with this employer on the basis of my age, 54, since:
 
 
 10
 I had been employed for 31 years and had a good employment record.
 
 
 11
 Most of the employees hired into available positions after jobs were eliminated were younger, less senior, and less qualified persons.
 
 
 12
 Subsequent to the reorganization and as recent as January or February of 1992, I am being denied hire into positions such as General Manager, which are becoming available [and] which are being filled by younger less qualified persons.
 
 
 13
 On October 22, 1992, the named plaintiffs filed a complaint alleging age discrimination.[2] On June 4, 1993, McNeely and the named plaintiffs moved to amend the complaint and to join McNeely as a named plaintiff under Fed.R.Civ.P. 15 and 20, respectively. The district court denied the motion in an order entered July 9, 1993, holding that it did not have jurisdiction over McNeely's claim because McNeely had not timely filed an EEOC charge. McNeely filed a notice of appeal on August 12, 1993.
 
 III.
 A.
 
 14
 On appeal, McNeely argues that his failure to file a timely EEOC charge should be excused under the single filing rule. McNeely says that under the single filing rule, "[a]n individual can be exempted from the administrative filing requirement if a timely charge arising out of similar discriminatory treatment was filed by another aggrieved employee." In order to invoke the single filing rule, McNeely says, the charge relied upon must be (1) timely and not otherwise defective, and (2) must arise out of discriminatory treatment similar to, and occurring in the same time frame as, that suffered by the party seeking to invoke the rule. Here, McNeely says, the EEOC charges filed by ten of the eleven named plaintiffs satisfy both requirements, and therefore are sufficient to allow McNeely to "piggyback" on them.
 
 
 15
 McNeely argues that the district court erred in requiring that the charge on which he seeks to piggyback his claim contain an explicit allegation of class-wide discrimination, contending that a timely charge based on similar discriminatory treatment can function to put an employer on notice of a potential group lawsuit even if it does not explicitly claim class-wide discrimination. Here, he says, the charges of the named plaintiffs "contained allegations virtually identical to the claims raised by McNeely," and therefore gave Holiday Inns and the EEOC notice of the possibility that other claims could be raised. McNeely points out that Ivey's charge refers to Ivey and "others similarly situated," and that it states that "most of the employees hired into available positions after jobs were eliminated were younger, less senior, and less qualified persons." McNeely recognizes that some circuits have incorporated a requirement of class allegations into the single filing rule, but states that the requirement has not been universally adopted, and urges this Court to reject it.
 
 
 16
 The purposes of the administrative charge requirement, McNeely says, are to afford the employer notice of the allegations it faces and to permit the EEOC to attempt conciliation. Anderson v. Montgomery Ward, 852 F.2d 1008, 1016 (7th Cir.1988). McNeely argues that these purposes are met by timely charges, such as the Ivey charge, that address the discriminatory actions that form the basis of the piggybacker's claim. In such a case, McNeely says, requiring the filing of additional charges with the EEOC, or requiring additional language in the charges filed, is wasteful and is likely to be futile.
 
 B.
 
 17
 Holiday Inns responds that the district court properly denied the motion to join McNeely as a party plaintiff because he did not timely file an EEOC charge. Holiday Inns offers several alternative reasons why McNeely should not benefit from the application of the single filing rule. First, Holiday Inns argues, the single filing rule should not be invoked in the case of a claimant who filed an untimely EEOC charge, as McNeely did, as opposed to one who never filed a charge. Holiday Inns says the purposes of the single filing rule are administrative convenience and the avoidance of futile acts, and that these ends are not served by allowing the filer of an untimely EEOC charge to invoke the single filing rule, because the EEOC will already have investigated his charge and attempted conciliation by the time the claimant "seeks his 'second bite at the apple.' "
 
 
 18
 Second, Holiday Inns argues that Ivey's EEOC charge was not timely filed, and therefore cannot support the application of the single filing rule. While Ivey's charge was filed within the 300 day period of limitations applicable to Tennessee, Holiday Inns argues that because Ivey's charge was filed in Mississippi against Holiday Inns, headquartered in Atlanta, Georgia, he should have filed within the 180 day period of limitations applicable to Mississippi and Georgia.[3] Since Ivey's charge was filed 185 days after he was terminated, Holiday Inns says, his charge was not timely and cannot support application of the single filing rule.
 
 
 19
 Third, Holiday Inns argues that the district court correctly found that an EEOC charge can only support application of the single filing rule if it contains an allegation of class-wide discrimination, and that Ivey's charge contains no such allegation. Holiday Inns says that "[t]he Circuits uniformly hold that the single filing rule can be invoked only where a timely age discrimination charge notifies the employer and the EEOC that class-wide discrimination is alleged," citing a number of Court of Appeals opinions, including an unpublished opinion of this Court, Parrish v. Ford Motor Co., 909 F.2d 1484, 1990 Westlaw 109188 at * 7 (6th Cir.1990). Holiday Inns says the requirement of an allegation of class-wide discrimination serves the purposes of giving the employer notice of its potential liability and the EEOC the opportunity to conciliate all potential claims, and that acceptance of McNeely's position would thwart these purposes. Holiday Inns characterizes McNeely's position as abolishing the notification requirement of the single filing rule, and says the position is "unworkable as a practical matter" and would impose on the EEOC the burden of investigating and attempting to conciliate class claims in all charges, to the prejudice of employers, who wouldn't receive notice of their potential liability, and charging parties, who would face delay and a possible failure of the conciliation process.
 
 
 20
 Holiday Inns says the district court correctly found that Ivey's charge does not contain allegations of class-wide discrimination. It emphasizes that the charge focusses on Ivey's failure to obtain another position with Holiday Inns and contains only "a vague reference to others." In short, Holiday Inns says, "it is clear that the claimed discrimination is against Ivey personally," and that there is no "express" allegation of class-wide discrimination.
 
 IV.
 A.
 
 21
 As a prerequisite to bringing a civil action under the ADEA, a claimant must first file a charge of unlawful discrimination with the EEOC. 29 U.S.C. Sec. 626(d). The time frame in which the claimant must file his EEOC charge depends on the state in which the unlawful practice occurred. If a state has "a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice," it is known as a "deferral state." 29 U.S.C. Sec. 633(b). If the discriminatory act occurred in a deferral state, the EEOC charge must be filed within 300 days of the discriminatory act. 29 U.S.C. Sec. 626(d)(2). Charges concerning discriminatory acts that occurred in non-deferral states must be filed within 180 days after the alleged unlawful practice occurred. 29 U.S.C. Sec. 626(d)(1). A claimant may not file a civil action under the ADEA until sixty days have passed since the filing of the EEOC charge. 29 U.S.C. Sec. 626(d). In a deferral state, the claimant must also have commenced proceedings under state law before filing a civil action under the ADEA. The ADEA suit may then be brought at least sixty days after the commencement of state proceedings, or earlier if the state proceedings are terminated before the sixty day period has expired. 29 U.S.C. Sec. 633(b).
 
 
 22
 It is not necessary in all circumstances, though, that the EEOC charge be filed by the individual bringing suit under the ADEA. "[C]ourts have regularly held that the timely filing of an administrative charge by a named plaintiff in a class action satisfies the charge filing obligation of all members of the class." Tolliver v. Xerox Corp., 918 F.2d 1052, 1056 (2d Cir.1990). The "single filing rule," which allows the administrative charge of one plaintiff to satisfy the charge filing obligations of other plaintiffs, was recognized by this Court in the context of a Title VII case in Equal Employment Opportunity Comm'n v. Wilson Metal Casket Co., 24 F.3d 836 (6th Cir.1994). Although the opinion in Wilson Metal Casket Co. did not address the applicability of the single filing rule to a case brought under the ADEA, the federal courts to address the issue have uniformly held that the rule is applicable in the ADEA context. Anson v. Univ. of Texas Health Science Ctr., 962 F.2d 539, 541 (5th Cir. 1992); see also Anderson v. Montgomery Ward, 852 F.2d 1008, 1014-17 (7th Cir.1988) (discussing the similarities and differences between Title VII and ADEA lawsuits). We join those courts in holding that the single filing rule applies to ADEA cases.
 
 
 23
 It is uncontroversial that the "single filing rule" is not limited to class actions but also can permit a plaintiff to join individual ADEA actions if the named plaintiff filed a timely administrative charge sufficient to permit "piggybacking" by the joining plaintiff. Tolliver, 918 F.2d at 1057. Controversy arises, though, over the test to use in determining whether an administrative charge will suffice to support piggybacking by a subsequent plaintiff.
 
 
 24
 Holiday Inns asserts that "the Circuits uniformly hold that the single filing rule can be invoked only where a timely age discrimination charge notifies the employer and the EEOC that class-wide discrimination is alleged," while McNeely says an administrative charge will support application of the single filing rule if it "arise[s] out of similar discriminatory treatment in the same time frame." The reality is more complicated than either party admits. As the Second Circuit summarized in Tolliver,
 
 
 25
 Courts have used different tests, either alone or in combination, for determining whether an administrative charge suffices to permit piggybacking by a subsequent plaintiff. The broadest test requires only that the claims of the administrative claimant and the subsequent plaintiff arise out of the same circumstances and occur within the same general time frame. That is the test we used in Snell [Snell v. Suffolk County, 782 F.2d 1094 (2d Cir.1986) (applying single filing rule in Title VII context) ] in permitting piggybacking by correctional officers alleging discrimination in a county jail. A somewhat narrower test requires that the administrative claim give notice that the discrimination is "class-wide," i.e., that it alleges discrimination against a class of which the subsequent plaintiff is a member. See Kloos v. Carter-Day Co., 799 F.2d 397, 401 (8th Cir.1986) (alternate standard). A still narrower test requires that the administrative charge not only allege discrimination against a class but also allege that the claimant purports to represent the class or others similarly situated. See Naton v. Bank of California, 649 F.2d 691, 697 (9th Cir.1981).
 
 
 26
 Tolliver, 918 F.2d at 1057-58.
 
 
 27
 The question of which test to apply must be approached with an eye to the purpose served by the administrative charge requirement:
 
 
 28
 the basic purpose of the notice requirement ... is to provide the [EEOC] with sufficient information so that it may notify prospective defendants and to provide the [EEOC] with an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation.
 
 
 29
 Anderson v. Montgomery Ward & Co., Inc., 852 F.2d 1008, 1015 (7th Cir.1988) (quoting H.R.Conf.Rep. No. 950, 95th Con., 2d Sess., reprinted in 1978 U.S.Code Cong. & Admin.News 504, 528, 534). Thus a charge will be adequate to support piggybacking under the single filing rule if it contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit if filed. As the Second Circuit recognized in Tolliver, whether an administrative charge will suffice to permit piggybacking by subsequent plaintiffs therefore depends to a large degree on the type of work unit involved:
 
 
 30
 Where the grievances arise in a work unit of modest size, like the jail in Snell or the union local in Allen v. Amalgamated Transit Union Local 788, [554 F.2d 876 (8th Cir.), cert. denied, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977) ], we agree that mere similarity of the grievances within the same general time frame suffices to permit the "single filing rule." As former Judge Bell asked in the context of claims by employees at a single plant, "If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful[?]" Oatis v. Crown Zellerbach, 398 F.2d [496,] 498 [ (5th Cir.1968) ]. However, where the grievances are alleged to arise throughout a large group, the lack of conciliation of one individual grievance does not necessarily mean that conciliation efforts would be unavailing if the EEOC and the employer were alerted to the broad scope of the claim. Though we do not think the administrative claim in such circumstances need specify that the claimant purports to represent a class or others similarly situated, there must be some indication that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim. Such a claim alerts the EEOC that more is alleged than an isolated act of discrimination and affords sufficient notice to the employer to explore conciliation with the affected group.
 
 
 31
 Tolliver, 918 F.2d at 1058 (footnote omitted).
 
 B.
 
 32
 Here, the record lacks information that would be helpful in analyzing the sufficiency of the Ivey charge to support piggybacking by others. While the record does show that McNeely worked as an accounting supervisor for Holiday Inns in Memphis, Tennessee, it does not identify the work unit we should look to in determining whether the administrative charges on which he seeks to rely are sufficient to permit him to piggyback his claim. Additionally, though McNeely seeks to rely on other timely EEOC charges filed by named plaintiffs, the other plaintiffs' charges are not included in the record, so we are unable to evaluate whether they would support the piggybacking of McNeely's claim.
 
 
 33
 Despite the inadequacies of the record, though, the particular factual circumstances of this case simplify our analysis. As McNeely's counsel acknowledged during oral argument, because the statute of limitations has now run, McNeely is the only individual who could possible piggyback on Ivey's charge. Under these specific circumstances, the lack of information as to the size of McNeely's work unit is not fatal, because it is undisputed that whatever our decision, no one other than McNeely could possibly join this action. We therefore are not presented with a case with the potential to open the floodgates to large numbers of would-be plaintiffs, who were unforeseen by both the EEOC and Holiday Inns at the time of the EEOC's investigation. Instead, we have one potential additional plaintiff, a situation analogous to the small work unit scenario discussed in Tolliver, where one may fairly ask "If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful?" Id. (citation omitted).
 
 
 34
 Ivey's charge makes two references to people other than Ivey:
 
 
 35
 I, along with others similarly situated, was told that although my position was being eliminated, I could apply and would be considered for other available positions....
 
 
 36
 Most of the employees hired into available positions after jobs were eliminated were younger, less senior, and less qualified persons.
 
 
 37
 (emphasis added). While the charge falls short of an allegation of class wide discrimination, it certainly provides notice that individuals other than Ivey were affected by Holiday Inns's actions, and that those who were affected were older, more senior employees. In this case, Ivey's charge is sufficient to support piggybacking by McNeely. It was clearly foreseeable to both the EEOC and Holiday Inns from Ivey's charge that the alleged unlawful practices affected others along with Ivey, and there is no reason to believe that Holiday Inns would have reacted differently or the EEOC would have had a better opportunity to conciliate had McNeely timely filed. McNeely may therefore invoke the single filing rule and join the named plaintiffs. This decision does not open Holiday Inns to any potential liability beyond the addition of McNeely.
 
 C.
 
 38
 Holiday Inns also argues that McNeely should not be allowed to take advantage of the single filing rule because he filed an untimely EEOC charge, as opposed to a potential plaintiff who never filed an EEOC charge, and because Ivey's charge itself was untimely filed.
 
 1.
 
 39
 Holiday Inns's argument that McNeely should be precluded from invoking the single filing rule because he filed an untimely EEOC charge is without merit. As is discussed above, the purpose of requiring the filing EEOC charges
 
 
 40
 is to provide the [EEOC] with sufficient information so that it may notify prospective defendants and to provide the [EEOC] with an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation.
 
 
 41
 Anderson, 852 F.2d at 1015. The single filing rule serves to prevent a wooden application of the administrative charge requirement where the ends of the requirement have already been satisfied. The purpose of the single filing rule is no less well served in application to a potential plaintiff who has filed an untimely EEOC charge than to one who has never filed an administrative charge. A potential plaintiff who has filed an untimely EEOC charge is not given any more of a "second bite at the apple" than any plaintiff who brings a civil action under the ADEA after filing an EEOC charge.
 
 2.
 
 42
 Holiday Inns's argument that Ivey's charge was untimely filed is also unconvincing.[4] The unlawful practice alleged in Ivey's charge occurred in Tennessee, a deferral state. By the ADEA's own terms, the relevant filing period is determined by reference to the state in which the claim arose. See 29 U.S.C. Secs. 626(d)(2), 633(b); Ciccone v. Textron, Inc., 651 F.2d 1 (1st Cir.), cert. denied, 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 420 (1981). Therefore, because Ivey's charge was filed within the 300 day period applicable to deferral states, his charge was timely. It is irrelevant that the charge was filed in Mississippi and that Holiday Inns is headquartered in Georgia, both of which are non-deferral states, because we look to the state in which the claim arose in determining the applicable filing period.
 
 V.
 
 43
 For the reasons stated, the district court's denial of the motion to join McNeely as a party plaintiff is REVERSED.
 
 
 44
 BATCHELDER, Circuit Judge, dissenting.
 
 
 45
 I would affirm the judgment of the district court denying plaintiffs' motion to amend their complaint to join Appellant McNeely as a plaintiff in this ADEA action. The district court's order held that McNeely's failure to file a timely EEOC charge would not bar his claim for relief under the ADEA if one or more of the plaintiffs in the ADEA action had filed a timely charge that was sufficient to put the employer and the EEOC on notice that class-wide discrimination was being claimed. The court then found that the EEOC charge upon which McNeely claimed the right to "piggyback" was insufficient.
 
 
 46
 We review for abuse of discretion the district court's denial of a motion to amend a complaint to join a party plaintiff. Martin v. Associated Truck Lines, Inc., 801 F.2d 246, 248 (6th Cir.1986). We review de novo the legal conclusions upon which the district court based that denial. Id. The district court reviewed the case law from those circuits which have spoken on the question at issue here,[1] and concluded that Anderson v. Montgomery Ward & Co., Inc., 852 F.2d 1008 (7th Cir.1988), and the other cases which establish what has come to be called the "single-filing rule," require that the timely-filed charges on which a plaintiff such as McNeely attempts to rely must "at the very least, contain an allegation of class-wide discrimination." Id. at 1016. The district court reviewed the timely-filed charge of Graves Ivey on which Appellant McNeely attempts to rely and concluded that it could not be construed as alleging class-wide discrimination.
 
 
 47
 The majority opinion neither adopts nor rejects the careful analysis of Anderson. Neither does it set out any test or standard to be used in this circuit to determine the adequacy of a timely EEOC charge when it is claimed as the basis for piggybacking under the single-filing rule. The majority does hold that in this case the record is inadequate to analyze whether the Ivey charge is sufficient to support the piggybacking of other claimants. And the majority concedes that the Ivey charge "falls short of an allegation of class wide discrimination." The majority opinion then tips its hat to the purpose behind the EEOC filing requirement, which is that the EEOC and the employer are entitled to notice of the potential scope of the employer's potential liability, and rules that because the statute of limitations has expired and Appellant McNeely is therefore the only individual who could now piggyback on Ivey's charge, the inadequacy of the record does not matter and the Ivey charge is good enough.
 
 
 48
 I would hold that the analysis in Anderson is correct, and that the charge upon which a potential plaintiff such as McNeely attempts to rely must clearly apprise the defendant "during the conciliation process of the possibility of a subsequent lawsuit with many plaintiffs." Anderson, 852 F.2d at 1016. I agree with the majority's conclusion that the Ivey charge does not meet this requirement. Accordingly, I would hold that the district court's understanding of the law was not erroneous, and that the district court did not abuse its discretion in denying the motion to amend the complaint. I would affirm.
 
 
 
 *
 Batchelder, Circuit Judge, would grant rehearing for the reasons stated in her dissent
 
 
 **
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The named plaintiffs are Ronald H. Howlett, Graves B. Ivey, Siegfried K. Konetzny, Jeffrey E. McLaughlin, Homayoon Meshginpoosh, Terry Phillips, Edward Rinckel, Frederick C. Roozen, Christopher R. Ryan, Rene H. Schiegg, and Fred Wright
 
 
 [2]
 Plaintiff Homayoon Meshginpoosh also raised claims of discrimination on the basis of national origin, in violation of Title VII, 42 U.S.C. Sec. 2000e et seq, and 42 U.S.C. Sec. 1981. The district court apparently dismissed the Sec. 1981 claim in an order not included in the record before the Court
 
 
 [3]
 Georgia and Mississippi are not "deferral states" for the purpose of the ADEA's administrative charge requirement, because they do not have state laws "prohibiting discrimination in employment because of age." 29 U.S.C. Sec. 633(b). See discussion at p. 194, infra
 
 
 [4]
 This argument was not before the district court; Holiday Inns raised it for the first time on appeal
 
 
 [1]
 This circuit has spoken only in an unpublished opinion, Parrish v. Ford Motor Co., No. 89-6290, 1990 WL 109188 (6th Cir. Aug. 2, 1990), but that opinion would, in my judgment, clearly support the district court's conclusion here