**Bertha SMITH, Ressie Griffin, and Vickie Smith, Plaintiffs,**

v.

**HEALTHSOUTH REHABILITATION CENTER OF MEMPHIS, LTD., Defendant.**

No. 02–2306 BRE.

United States District Court, W.D. Tennessee, Western Division.

Oct. 9, 2002.

Peggy J. Lee, Lee Law Firm, Memphis, TN, for plaintiffs.

James M. Simpson, Allen, Scruggs, Sossaman, Thompson, Simpson & Lillie, Memphis, TN, Kelly D. Ludwick, Alycia K. Jastrebski, L. Traywick Duffie, Hunton & Williams, Atlanta, GA, for defendant.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIMS OF PLAINTIFF VICKIE SMITH AND DISMISSING HER CLAIMS WITHOUT PREJUDICE

·. BREEN, United States Magistrate Judge.

Before the court is the motion of defendant, HealthSouth Rehabilitation Center of Memphis, Ltd. ("HealthSouth"), to dismiss the claims of plaintiff Vickie Smith pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits dismissal of a complaint upon "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In making its determination, the court

> must accept as true all of the well-pleaded allegations of the complaint, construing those ·allegations in the light most favorable to the plaintiff. For a dismissal to be proper, it must appear beyond doubt that the plaintiff would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint.

*Rossborough Mfg. Co. v. Trimble,*.301 F.3d 482, 489 (6th Cir.2002) (internal citations and quotation marks omitted).

According to the complaint, all of the plaintiffs in this case, whose claims· were brought under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e, *et seq.,·* were, at the time the incidents complained of arose, employed as van drivers by the defendant. Their supervisor, Angela Gillespie, insisted that the employees under her charge regularly stand in a circle, hold hands, and pray out loud. When the plaintiffs objected to what they considered to be an inap-

propriate public display of religious fidelity, Gillespie harassed them by referring to them as "devils" and "evil" and retaliated against them by creating such a hostile working environment that they were unable to adequately perform their work assignments. The plaintiffs further allege that Gillespie placed Bible scriptures on work assignment sheets handed out to the employees each morning and used the scriptures to chastise, embarrass, and call into question the plaintiffs' religious sincerity. Gillespie's activities were reported to her superiors, who refused to take action. As a result of Gillespie's treatment of the plaintiffs, they resigned from their employment with HealthSouth. They now seek damages on the grounds of religious discrimination, harassment and hostile work environment.

■ A person who claims to have been discriminated against in violation of Title VII must, prior to seeking relief in federal court, exhaust her administrative remedies under the statute. *Haithcock v. Frank,* 958 F.2d 671, 675 (6th Cir.1992). "It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an [Equal Employment Opportunity Commission ('EEOC') ] charge or the claim can be reasonably expected to grow out of [an] EEOC charge." *Weigel v. Baptist Hosp. of E. Tenn.,* 302 F.3d 367, 379 (6th Cir. 2002) (quoting *Strouss v. Michigan Dep't of Corr.,* 250 F.3d 336, 342 (6th Cir.2001)). Specifically, "[t]his entails (1) filing a timely charge of employment discrimination with the [EEOC], and (2) receiving and acting upon the EEOC's statutory notice of the right to sue." *Marquis v. Tecumseh Prods. Co.,* 206 F.R.D. 132, 151 (E.D.Mich. 2002); *see also* 42 U.S.C. § 2000e-5(e) & (f). The "exhaustion requirement is meant to preserve judicial economy by barring

claims that have not been sufficiently investigated following an EEOC complaint." *Taylor v. Virginia Union Univ.,* 193 F.3d 219, 239 (4th Cir.1999), *cert. denied,* 528 U.S. 1189, 120 S.Ct. 1243, 146 L.Ed.2d 101 (2000). The burden of demonstrating exhaustion lies with the plaintiff. *McBride v. Citgo Petroleum Corp.,* 281 F.3d 1099, 1106 (10th Cir.2002).

■ In the instant motion, defendant argues that there is no allegation plaintiff Vickie Smith ever filed an EEOC charge and that she indeed admitted in the complaint that she never received a right-to-sue letter from the agency. Consequently, HealthSouth maintains, she has failed to satisfy the statutory prerequisites for filing suit in this court.

In response, Vickie Smith insists that she and the other plaintiffs filed charges with the EEOC but concedes that, to date, all but she have received right-to-sue letters. As all three claims are identical, however, plaintiff avers that her claim is saved under the "single filing rule." In 1994, the Sixth Circuit, in *Equal Employment Opportunity Commission v. Wilson Metal Casket Company,* 24 F.3d 836 (6th Cir.1994), joined other circuits in recognizing the single filing rule, which states that, "in a multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement." *Wilson Metal Casket Co.,* 24 F.3d at 839–40 (quoting *Ezell v. Mobile Hous. Bd.,* 709 F.2d 1376, 1381 (11th Cir.1983)). As the court explained, the "rational behind the [rule] is the belief that it would be wasteful for numerous employees with the same grievances to file identical complaints with the EEOC." *Id.* at 840. The court held that "where a substantially related

non-filed claim arises out of the same time frame as a timely filed claim, the complainant need not satisfy Title VII's filing requirement to recover." *Id.* (footnotes omitted).

Thus, the single filing rule permits a plaintiff to join an individual action if the named plaintiff filed a timely EEOC charge sufficient to allow "piggybacking" by the joining plaintiff. *Howlett v. Holiday Inns, Inc.,* 49 F.3d 189, 194 (6th Cir.), *cert. denied sub nom. Holiday Inns, Inc. v. McNeely,* 516 U.S. 943, 116 S.Ct. 379, 133 L.Ed.2d 302 (1995). "[A] charge will be adequate to support piggybacking under the single filing rule if it contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit is filed." *Id.* at 195. The *Howlett* court recognized that the type and size of the work unit involved is important in determining whether piggybacking is appropriate, noting that "[w]here the grievances arise in a work unit of modest size, . . . mere similarity of the grievances within the same general time frame suffices to permit the 'single filing rule.' . . . If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful?" *Id.* (internal quotation marks omitted). Vickie Smith contends that the piggybacking of her claim onto the claims of Bertha Smith and Ressie Griffin, who obtained right to sue letters from the EEOC, is permissible as it involves similar treatment in the same time frame.

In reply, HealthSouth argues that, as Vickie Smith filed an EEOC charge, the single filing rule does not apply. Specifically, the defendant submits that, since Vickie Smith has failed to explain the reasons for her failure to obtain a right-to-sue letter, her claim apparently is still pending before the EEOC, which has not yet closed its investigation thereof.

There does appear to be a distinction made by the courts between the ability to piggyback where the plaintiff seeking to join the suit of another has filed a charge and where she has not. In *Anderson v. Unisys Corporation,* 47 F.3d 302 (8th Cir.), *cert. denied,* 516 U.S. 913, 116 S.Ct. 299, 133 L.Ed.2d 205 (1995), the Eighth Circuit noted that

> It is somewhat ironic, however, that [plaintiff], who did not even file an administrative charge, is permitted to continue in this action while the others have been dismissed, and we believe that result requires a brief explanation. . . .
>
> . . . For those plaintiffs *who have never filed* an administrative charge and who are allowed to piggyback on the filed claim of another, we deem it reasonable to permit them to join suit as long as the claimant on whose administrative filing they have relied timely files after receiving right-to-sue letters from the state and federal agencies.
>
> Those plaintiffs *who do file administrative charges,* however, should be bound by the statute of limitations, which is normally stated in the right-to-sue letter. Even if those plaintiffs are piggybacking on another employee's timely administrative charge, once they file separate administrative charges, they cannot rely any further on the other claimant's actions and must timely file suit after receiving their right-to-sue letters.

*Anderson,* 47 F.3d at 308–09 (emphasis added). Similarly, the Fifth Circuit, in *Mooney v. Aramco Services Company,* 54 F.3d 1207 (5th Cir.1995), observed that the single filing rule "generally allows a plaintiff, *who did not file an EEOC charge,* to piggyback on the EEOC complaint filed by another person who is similarly situated."

*Mooney,* 54 F.3d at 1223 (emphasis in original). The court went on to explain that

> [a]s long as the EEOC and the company are aware of the nature and scope of the allegations, the purposes behind the filing requirement are satisfied and no injustice or contravention of congressional intent occurs by allowing piggybacking. However, *where the party wishing to piggyback has filed his own EEOC charge, policy cuts the other way.* Once the charge is filed, unless it is permissibly modified, the EEOC and the employer are entitled to rely on the allegations contained therein.... [The joining plaintiff] is bound by the parameters of his own EEOC charge, and cannot subsequently utilize the single filing rule to avoid the statute of limitations.

*Id.* at 1223–24 (footnotes omitted) (emphasis added); *see also Gitlitz v. Compagnie Nationale Air France,* 129 F.3d 554, 558 (11th Cir.1997) (court held, following *Anderson* and *Mooney,* that "where a plaintiff has filed an individual EEOC charge, such a plaintiff should be required to rely upon his or her own EEOC charge, and cannot reasonably rely upon the other claimant's charge"), *reh'g and suggestion for reh'g en banc denied,* 141 F.3d 1191 (11th Cir. Apr.1, 1998); *Butler v. Matsushita Communication Indus. Corp.,* 203 F.R.D. 575, 584 (N.D.Ga.2001) (no piggybacking is permitted where plaintiff seeking application of the single filing rule filed his own EEOC charge); *Nelson v. Shoney's, Inc.,* No. Civ. A. 96–2199, 1997 WL 567957, at *5–6 (E.D.La. Sept.10, 1997) (because plaintiff filed an EEOC charge, she could not take advantage of the single filing rule to piggyback on the EEOC complaint of another). Although the Sixth Circuit has not squarely addressed this issue, it appears that it would fall in line with the aforementioned cases as, in *Wilson Metal Casket,* the court held that "where a substantially related *non-filed* claim arises out of the same time frame as a timely filed claim, the complainant need not satisfy Title VII's filing requirement to recover." *Wilson Metal Casket Co.,* 24 F.3d at 840 (footnotes omitted) (emphasis added). In *Howlett,* the Sixth Circuit expressly held that the single filing rule applies where the plaintiff seeking to piggyback her claim filed an untimely EEOC charge, stating that

> [t]he single filing rule serves to prevent a wooden application of the administrative charge requirement where the ends of the requirement have already been satisfied. The purpose of the single filing rule is no less well served in application to a potential plaintiff who has filed an untimely EEOC charge than to one who has never filed an administrative charge. A potential plaintiff who has filed an untimely EEOC charge is not given any more of a "second bite at the apple" than any plaintiff who brings a civil action ... after filing an EEOC charge.

*Howlett,* 49 F.3d at 196–97.

Based on its review of the case law and the pleadings, the court finds that Vickie Smith may benefit from the single filing rule only if she did not file an EEOC charge at all or if she filed a charge that was untimely. Her only allegation in this regard is that she filed a charge but did not receive a right-to-sue letter despite her request therefor. She has not averred that the charge she filed was not timely. Thus, the single filing rule is of no application here. As a consequence, the claims of Vickie Smith must be dismissed as she has failed to exhaust her administrative remedies under Title VII. For the reasons set forth herein, the defendant's motion to dismiss Vickie Smith's claims is GRANTED

and the complaint with respect to this plaintiff is DISMISSED without prejudice.